HANSON PLACE METHODIST EPISCOPAL CHURCH, Respondent,
v. THE CITY OF NEW YORK, Defendant, Impleaded with
CRANFORD COMPANY, Appellant.

Second Department, May 14, 1920.

**Pleadings — bill of particulars — when further bill should be granted
in action to recover for injuries to real estate by construction of
subway.**

In an action to recover for damage to plaintiff's building and for loss of
revenue by reason of the negligence of the defendant in constructing a
subway in the street adjoining, and for the creation of a nuisance, wherein
the plaintiff has furnished a bill of particulars and in answer to an original
demand for particulars as to the respects in which the defendant failed
to furnish proper material, labor and workmanship necessary for the proper
shoring, staving, spilling and underpinning of the plaintiff's property,
has alleged that the negligence consisted in "failing to furnish proper
material" for such work, and that the "shoring" was inadequate because
it was improper and insufficient in size, strength and character to support
the weight to which it was subjected, the defendant was entitled to a
further bill showing either that the "staving, spilling and underpinning"
were part and parcel of the "shoring" or information as to the alleged
defect or inadequacy of such "staving, spilling and underpinning."

The defendant was not entitled to a further bill as to the extent and location
of each and every injury to the plaintiff's building, as it had already
furnished such information as far as practicable and furthermore it per-
mitted the defendant to inspect the building.

The defendant was entitled to a further bill stating in what respects plaintiff
claims the derrick and dirt bunker were carelessly, negligently, unneces-
sarily and unreasonably placed and operated by the defendant, the opera-
tion of which the plaintiff alleged had worked a damage to the rental or
usable value of its premises.

APPEAL by the defendant, Cranford Company, from an
order of the Supreme Court, made at the Kings Special Term
and entered in the office of the clerk of the county of Kings
on the 29th day of March, 1920, denying said defendant's
motion for a further bill of particulars.

*Edward M. Grout* [*Charles B. LaVoe* with him on the brief],
for the appellant.

*Raymond C. Haff* [*Harry W. McChesney* with him on the
brief], for the respondent.

KELLY, J.:

The plaintiff's church building is located on the northwest corner of Hanson place and St. Felix street in Brooklyn. The city, through the appellant Cranford Company as contractor, is constructing a subway through St. Felix street, and the plaintiff sues to recover damages alleged to have been sustained by reason of negligence and the creation of a nuisance in the performance of the work.  There are two causes of action in the complaint, one for damage to plaintiff's building, the other for loss of revenue through interference with the buildings.  The defendants demanded a bill of particulars of the damage claimed, and specified fifteen items of damage concerning which they desired additional information.  The plaintiff with commendable fairness served a bill of particulars of each of the items demanded.  But the defendant claims that the particulars furnished are not sufficient, and asks for further information as to the demands as they now appear from the complaint as amplified by the statement furnished.  The plaintiff says that this new demand is for a bill of particulars of the bill of particulars already furnished, and that this might go on so that the issue would be delayed indefinitely. But there is nothing to indicate any ulterior motive on the part of the defendant, appellant.  The particulars already furnished were necessary, and the plaintiff properly complied with the demand.  The additional information, in some degree, is necessary in view of the statement voluntarily furnished, and it is in the interest of all concerned — court, litigants and counsel — that the parties should know in advance of the trial just what the questions to be litigated are.  This will expedite the trial and final disposition of the case.

The first demand for additional particulars is that plaintiff state in what respects it claims that the defendant failed to furnish proper material, labor and workmanship necessary for the proper shoring, staving, spilling and underpinning of the plaintiff's property and in excavating for the construction of the subway.  In answer to defendant's original demand (item 4) for particulars of the respects in which plaintiff claims defendant negligently failed to properly safeguard plaintiff's

Second Department, May, 1920.          [Vol. 191.

premises, the defendant alleged (bill of particulars, ¶ IV) that the negligence consisted in "failing to furnish proper material, * * * necessary for the proper shoring, staving, spilling and underpinning of the plaintiff's property and in excavating for the construction of the subway." The plaintiff in response to defendant's demand (5) stated (bill of particulars, ¶ V) that the "shoring" was inadequate because it was improper and insufficient in size, strength and character to support the weight to which it was subjected under the conditions existing. If the "staving, spilling and underpinning" referred to in plaintiff's bill of particulars is something not comprised in the term "shoring," it would seem that defendant is entitled to information as to the alleged defect or inadequacy of such "staving, spilling and underpinning." If these things are part and parcel of the "shoring" already described, plaintiff should so state.

Defendant asks for additional particulars of the extent and location of each and every injury which plaintiff claims was caused by the matters set forth in the complaint. It would appear that plaintiff has already furnished this information as far as practicable, and it is stated in the respondent's points that plaintiff has permitted the appellant to personally inspect the building.

In its bill of particulars served, the plaintiff answered the defendant's demand (13) for particulars of the respects in which it is claimed the work damaged the rental or usable value of plaintiff's premises, by stating *inter alia* that the building was rendered dangerous, dirty and unsanitary by reason of the careless, negligent, unnecessary and unreasonable manner of placing and operating a derrick and dirt bunker in front of plaintiff's property and over the street entrance to its building. The defendant asks that it be informed in what respects plaintiff claims the derrick and dirt bunker were carelessly, negligently, unnecessarily and unreasonably placed and operated by the defendant. This is a legitimate inquiry and the plaintiff should give this additional information.

In other respects we think the bill of particulars already served is sufficient.

The order should be modified so as to grant the additional

particulars specified in this opinion, and to otherwise deny the motion, and as so modified affirmed, without costs.

JENKS, P. J., MILLS and RICH, JJ., concur; PUTNAM, J., not voting.

Order modified in accordance with opinion, and as so modified affirmed, without costs.