AMITYVILLE DEVELOPMENT CORPORATION, Appellant, v. JAMES H. FISHER, Respondent.— Order granting defendant's motion to vacate judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

JOSEPH IVANS and JEANNE IVANS, Respondents, v. JOHN BEHRENS and Another, Defendants. HANS BEHRENS, Sued Herein as HANS and JOHN BEHRENS, Appellant.— In a negligence action by husband and wife, the former sued to recover for personal injuries, property damage and loss of services, and the latter for personal injuries. The court failed to instruct the jury that if they found for plaintiffs they should specify the amount each should receive. A sealed verdict was ordered and it was opened the following morning in the presence of the jury. The jury not having been discharged, the court, instead of sending the jury back to reconsider their verdict and correct it, set aside the verdict as improper in form and " because in the case of Mr. Ivans, it is inadequate," and granted a new trial. Under the circumstances the order must be affirmed. Order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

EDITH LIGGETT, Respondent, v. COMPRODAILY PUBLISHING COMPANY, INC., CLARENCE A. HATHAWAY and DAILY WORKER, Appellants.— Order denying defendants' motion to strike out items 1, 2 and 3 of notice to produce under section 327 of the Civil Practice Act modified by striking out the denial as to items 1 and 2 and granting the motion as to said items; and, as so modified, the order is affirmed, without costs; the documents referred to in item 3 to be produced at the place specified in the order on five days' notice. It is obvious that appellants have bound themselves to the statement that the original manuscript, clippings, etc., which form the basis of the alleged libelous publications, have been destroyed, and that appellants rely on the newspaper articles stated in the bill of particulars, copies of which newspapers concededly have been given to plaintiff's counsel. Appellants are required to make a more thorough effort to comply with item 3 of the notice, and if unable to comply therewith in whole or in part they should so certify under oath. Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.