AGNES FARHART, Appellant, v. ALFRED F. MATULJAK, Respondent. MICHAEL G. FARHART, Appellant, v. ALFRED F. MATULJAK, Respondent. FARHART'S GARAGE, INC., Appellant, v. ALFRED F. MATULJAK, Respondent.— Appeals from judgments of the Supreme Court in favor of defendant, entered October 28, 1952, in Fulton County, upon verdicts of no cause of action rendered at a Trial Term, and from orders of the same court which denied motions by plaintiffs to set aside the verdicts and for a new trial. Plaintiffs Michael G. Farhart and Agnes Farhart sought to recover damages for personal injuries, and plaintiff Farhart's Garage, Inc., sought to recover damages for property damage, as the result of an automobile accident. The defendant is a State trooper. On April 13, 1951, the

defendant observed the plaintiff Michael G. Farhart operating a motor vehicle upon a State highway without license plates. Plaintiff Agnes Farhart was a passenger in this car, which was owned by plaintiff Farhart's Garage, Inc. Defendant followed the Farhart car and eventually passed it with the intention of stopping it for a Vehicle and Traffic Law violation. After he had passed the Farhart car it went up on a soft shoulder of the road, causing the driver to lose control, and eventually tipped over on the opposite side of the road. There was no contact between the two vehicles. Plaintiffs' theory of negligence was that defendant crowded them, cut in too quickly in front of them, and caused the accident. There was a sharp conflict of evidence on this question, which presented a sharply defined question of fact for the jury. Plaintiffs assert certain specific errors upon the trial. The first involved the rejection by the trial court of certain tendered evidence. However, the trial court subsequently received the evidence in its entirety, and it was before the jury. The other assigned errors, if they be errors, were unsubstantial, with one possible exception. When the jury returned its verdicts of no cause of action, the foreman first announced a general verdict of no cause of action. The court then interrogated the foreman specifically as to each of the three causes of action, and in each instance the verdict was reported to be no cause of action, and the foreman announced that the verdicts were unanimous. Counsel for plaintiffs then asked: " May I have the jury polled?", to which the court replied: " Well, it is a unanimous verdict." Counsel did not press the matter further but immediately made the usual motion to set aside the verdicts and for a new trial. Nothing more was said on the subject of polling the jury, nor was any exception taken. Counsel had an absolute right to have the jury polled, and it should have been polled. However, we do not think that counsel made his position sufficiently clear to the court to make the question available upon appeal. The trial court did not deny his request. No ruling was made at all. The court merely made a comment, and when counsel immediately abandoned the subject the court might well have assumed that counsel acquiesced that the polling was unnecessary. With complete propriety counsel might well have stated that nevertheless he wished the jury polled, or asked for a definite ruling. When he did not do so we do not think there was a refusal to have the jury polled which constitutes error on appeal. Judgments and orders affirmed, without costs. Foster, P. J., Bergan, Coon and Imrie, JJ., concur. [See 284 App. Div. 817.]