**HENRY EISENSTAEDT**, Appellant, v. **MAX SCHWEITZER** et al., Individually and as Copartners Doing Business under the Name of **S & S JEWELRY SUPPLY AND SERVICE**, Respondents, et al., Defendants.— Appeals from (1) an order dated August 21, 1956 denying appellant's motion to amend and modify an order dated May 15, 1956 which, *inter alia*, precluded him from offering evidence at the trial of the action, by striking therefrom the provision that appellant serve a bill of particulars in accordance with respondents' demand therefor and by providing that if appellant is unable to furnish all of the information required he may state his lack of knowledge under oath in lieu of those particulars and furnish same by a supplementary bill of particulars after completion of his examination of respondents before trial and (2) an order dated October 15, 1956, which denied appellant's motion to compel respondents to accept his bill of particulars dated June 4, 1956 as compliance with their demand dated April 6, 1956. Order dated August 21, 1956 reversed, with $10 costs and disbursements, and motion granted, without costs. Order dated October 15, 1956 reversed, without costs, and motion granted to the extent of directing respondents to accept the bill of particulars, without costs, and with leave to respondents to make such motions as they may be advised in the event appellant fails to serve a supplemental bill of particulars which, together with the bill of particulars which he has served, shall constitute compliance with all the items in respondents' demand, and to make such other motions as they may be advised in the event appellant does not proceed diligently to apply for an order to examine respondents and to conduct and complete such examination. Appellant conducts a business of servicing needs of jewelers and watch repairers. The action is against his former employee and another to restrain them from engaging in a similar business in competition with him, for an accounting and to recover damages, upon allegations that the respondents solicited appellant's customers, that the identity of the customers was secret and confidential, that the said former employee acquired knowledge of the said identity of customers during the course of his employment by appellant, and that his disclosure of the identity of the customers and use thereof for the interests of respondents was a breach of legal duty owing to appellant. We are satisfied that appellant's claim that he is unable to furnish particulars as to transactions and conduct of respondents and others which took place without his·presence and which are part of his case was made in good faith. Under such circumstances appellant should have been permitted to examine respondents before being required to furnish the particulars in question (*Lustig* v. *Long-champs*, 279 App. Div. 928; *Berkowitz* v. *Rothschild*, 279 App. Div. 909; *Klebs* v. *Rockland Light & Power Co.*, 277 App. Div. 954; *Weber* v. *Columbia Amusement Co.*, 154 App. Div. 882). It is an abuse of discretion to require a party

to furnish particulars which are not within his power to furnish (*People* v. *McClellan*, 191 N. Y. 341, 348; see *Schlank* v. *East Riv. Sav. Bank*, 272 App. Div. 56). The determinations presently made will give authority to the bill of particulars which has been served, will permit appellant to apply for examination before trial of the respondents, and at the same time will protect respondents' right to a full bill of particulars. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.