Matthew M. Levy, J.
Section 327 of the Civil Practice Act provides in substance, that, where a party to an action voluntarily (see Schmoll Fils Associated v. Baltic America Line, 231 App. Div. 231) makes reference in his pleadings or affidavits to a document, any other party to the action may serve notice to produce such document for inspection and copy. The prescribed penalty imposed by the statute upon a party not complying with the notice is that he shall not thereafter “ be at liberty to put any such document in evidence on his behalf in such cause or matter, unless he shall satisfy the court * * * *857 that he had some * * * cause or excuse which the court shall deem sufficient for not complying with such notice; in which case the court may allow the same to be put in evidence on such terms as to costs and otherwise as the court shall think fit.”
It thus seems that the general procedure provided for in the statute as worded is that whether the demand was a proper one, whether it has been duly made, whether there has been noncompliance, and in such case the effect thereof, are matters that must await resolution at the trial. Nevertheless it has been authoritatively held that where a party, upon whom such a notice to produce is served, deems the notice improvident or contrary to the interests of justice or where he has good cause to show why he ought not be compelled to comply with the demand, the better procedure on his part to obtain relief from the demand contained in the notice is to apply to the court at motion term to have the notice vacated, modified or regulated by a preliminary order — thus assimilating the practice under section 327 to that used under the notice for an examination before trial (Wile v. Nassau Smelting & Refining Works, 205 App. Div. 657; Liggett v. Comprodaily Pub. Co., 256 App. Div. 1005).
Similarly, I am of the view that it would be the better practice (if at all feasible and expedient in any case) to facilitate a determination antecedent the trial as to the penalty, if any, that might be imposed upon a party who fails to comply with the notice to produce the document in question for pretrial inspection— thus assimilating the practice under section 327 to that used under the demand for a bill of particulars. Support for my view may be found in the case of Burgin v. Ryan (238 App. Div. 122; see Carmody on New York Practice [7th ed., by Forkosch], § 450, p. 466, n. 28; 14 St. John’s L. Rev. 253, 304).
Accordingly, I have concluded to dispose of the instant application on the merits. It appears that the answer of the defendants pleads an affirmative defense of release. The plaintiff duly served notice, in pursuance of section 327, demanding that the defendants produce the release for inspection. The defendants did not comply; nor did they move to vacate or modify the notice. The plaintiff now moves to preclude the defendants. The motion is granted to the extent of precluding the defendants from proving the alleged release upon the trial, unless, within 10 days from the service of a copy of the order entered hereon with notice of entry, the defendants produce for the inspection of the plaintiff’s attorney at his office the original release pleaded in the answer and permit copies to be made thereof.