Matthew M. Levy, J.
This action was brought to recover royalties allegedly due under a claimed written agreement dated September 15,1936, referred to in the complaint. In pursuance *159 of section 327 of the Civil Practice Act, defendant served notice upon plaintiff to produce the original agreement for defendant’s inspection. Plaintiff did not move with respect to the notice. (See Scher v. Pollack, 10 Misc 2d 856.) Nor did he comply with it. Defendant moved to preclude. By order of November 7,1956, Mr. Justice Lynch precluded plaintiff from proving the alleged agreement or from offering any evidence of the contents thereof, unless he gave inspection of the writing he relied on. Plaintiff failed to do this and, thereafter, defendant moved for an unconditional preclusion order. By order of January 16, 1957, Mr. Justice Gold (1) granted defendant’s motion unconditionally to preclude plaintiff from offering the original agreement in evidence upon the trial, but (2) denied, that branch of defendant’s motion unconditionally to preclude plaintiff with respect to the contents of the agreement, without prejudice to any disposition by the trial justice as to admissibility of the claimed photostatic copy thereof presented to the court and of testimony with respect thereto. An appeal was taken by defendant from so much of Mr. Justice Gold’s order as denied the second branch of defendant’s motion. The Appellate Division modified (3 A D 2d 1003) my learned colleague’s order, stating in its opinion that the plaintiff was aware of his predicament prior to the order of November 7,1956 (per Lynch, J.), and had failed to make appropriate application antecedent thereto, that the failure to do so was at his own risk, and that therefore the Appellate Division could not fail to give effect to an order which had been made and might have been avoided if plaintiff had acted with diligence and made prompt disclosure of the basic facts as to the missing document. In its modification of the order appealed from, the Appellate Division, on July 5, 1957, directed unconditional preclusion ‘ ‘ without prejudice to an appropriate application by the plaintiff-respondent to be relieved of the order of November 7, 1956 ” which, it will be recalled, was made by Mr. Justice Lynch. The present motion before me is by plaintiff to be relieved of that order.
Objection is made by defendant that I have no jurisdiction in the premises, that plaintiff’s application is in effect a reargument of the matter before Mr. Justice Lynch and that the Appellate Division in its order of modification intended that the matter be presented to Mr. Justice Lynch. The order of modification does not indicate or warrant, much less require, a reference to my learned colleague. And unfortunately, since the decision of the Appellate Division and prior to the making of the instant motion, Judge Lynch has been the victim of untimely demise. Nor is a motion to be relieved a motion for reargument. Although the *160 order of Mr. Justice Gold was modified on appeal, there was still not before him or before Mr. Justice Lynch, or before the Appellate Division, any application by plaintiff to be relieved of the necessity of submitting the agreement for defendant’s inspection pursuant to the demand to produce and discover..
The present application is an entirely new one, made by permission of the Appellate Division, if, indeed, such permission were necessary. For it seems to me that, had the Appellate Division merely modified without express leave, plaintiff could have thrown himself upon the favor of the court and have requested that a discretionary disposition be made so as to relieve him of his default under section 327 of the Civil Practice Act in the light of his predicament. The Appellate Division, though modifying the order of Mr. Justice Gold, still permitted an application to be made by plaintiff for the relief indicated. The circumstances were revealed only after Mr. Justice Lynch had made his order. Thus, there could have been no error or misapprehension on the part of my late learned colleague calling for reargument.
If this were necessarily a matter for the attention again of Mr. Justice Lynch, then the Appellate Division could have given consideration on the merits to the matters which induced it to grant plaintiff the permission to seek relief. But the Appellate Division did not consider these matters, and could not have; and the only court that can consider these matters is the one to which the motion is now addressed. If there were any desire on the part of the Appellate Division to send it to Mr. Justice Lynch, prior to his decease, it would only be upon the basis, as I have so often noted, that one judge should handle all matters in a case (Grobman v. Freiman, 3 Misc 2d 656, 659; Silverman v. Rogers Imports, 4 Misc 2d 672, 673-674), but it would not be sent to him for the reason that he alone must resolve it. For this is, as I have pointed out, not a matter for reargument but a matter for consideration de novo.
The objection, therefore, that I have no jurisdiction to pass upon the motion and that the demise of Mr. Justice Lynch precludes the granting of any relief to the plaintiff is overruled, and the motion is entertained.
Now, as to the merits of plaintiff’s prayer to be relieved of the order of preclusion granted by Mr. Justice Lynch by virtue of plaintiff’s failure to produce the agreement pursuant to defendant’s notice and because plaintiff failed to move to open his default of compliance with that notice. The Appellate Division indicated that plaintiff should have acted before the making of the order by Mr. Justice Lynch, but granted leave, neverthe *161 less, to be relieved thereafter. In the light of all the circumstances, I have come to the conclusion that plaintiff’s failure to move and divulge was an unwise, negligent act, and his failure to make timely disclosure of his problem was a fault meriting condemnation. But I doubt whether that should go to the extent, in effect, of depriving plaintiff of his cause of action, irrespective of its merits. What plaintiff substantively relies on in fact existed at all times, to wit, the course of dealings between the parties, adequately evidenced through the years by numerous writings, checks, and other documents. I see no reason why plaintiff should not be afforded the opportunity to make proof of the agreement existing between him and defendant and made as alleged in September, 1936, to the extent of making such proof by appropriate secondary evidence.
The motion is therefore entertained favorably, and plaintiff is relieved of the order made by Mr. Justice Lynch, to the extent that plaintiff is permitted to offer in evidence secondary proof of the alleged agreement in the event that the trial court is satisfied that secondary proof is in order, and that such proof as is presented is proper. This disposition is conditional, however, if defendant desires it so, upon plaintiff producing to defendant, for pretrial inspection, all of the documents referred to in any of the three sets of the motion papers herein, and upon plaintiff submitting to pretrial voir dire examination as to any or all of such documents.
Settle order accordingly.