John E. Cone, J.
In an action for malpractice against the
several defendants herein, defendant Grassheim moves, pursuant to rule 106 of the Eules of Civil Practice, for dismissal of the complaint on the ground of legal insufficiency. Paragraphs 10 and 12 respectively, of the complaint, which are speeificially under attack on this motion as insufficiently alleging negligence, charge in substance that defendants “ failed to exercise the knowledge, skill and diligence” which “they should have possessed ” in performing the operation upon plaintiff and that said defendants failed to “properly perform their duties or supervise the duties of others who were under their command during the performance of this operation and the subsequent treatment ’ ’ of plaintiff. The gravamen of the complaint in an action for malpractice against a physician, surgeon or one of similar calling is either that the defendant did not possess the requisite learning, skill and experience that he ought to have possessed, or that, while possessing the requisite skill and learning, he did not use reasonable care in the exercise of his skill and the application of his learning (Pike v. Honsinger, 155 N. Y. 201; Brown v. Goffe, 140 App. Div. 353; 4 Carmody-Wait, New York Practice, p. 234). While the allegations of paragraph 10 of the instant complaint may be general in nature, they nonetheless allege ultimate facts. Giving to them every intendment and fair *922 inference, said allegations are deemed to charge a failure on the part of defendants, including the movant, to possess or use the requisite degree of knowledge and skill or the required degree of diligence and care which by virtue of their position and calling said defendants implicitly represented that they possessed. Such allegations, if true, are sufficient, taken in conjunction with the other allegations of the complaint, to state a cause of action for malpractice (see authorities cited, supra). It may be added, similarly, that while the allegations, contained in paragraph 12 of the complaint, charging negligence in that there was a failure of proper supervision, is a general statement, it is nevertheless a statement of ultimate fact and not a legal conclusion.
If the objection, as indicated in the movant’s memorandum submitted herein, is that the allegations of negligence set forth in the complaint are not specific enough to enable defendant to anticipate the proof that may be adduced by plaintiff at a trial of the action, the answer to such objection is that said defendant can obtain the details to which she is entitled by requiring plaintiff to furnish a bill of particulars with respect thereto. Motion is accordingly denied.
Submit order.