Bert B. Lockwood, J.
The plaintiff has brought this action to recover for damages alleged to have been sustained as a result *184 of certain explosions in the heating system of the premises in which an apartment occupied by the plaintiff was located. The cause of action set forth in the complaint against the defendant, Utica Oil Heating Corporation (hereinafter referred to as the defendant), is based on negligence and sets forth the negligence as follows: “In failing to properly maintain, repair and service the same so that the same became dangerous to persons and property lawfully on the premises.” The defendant, in its demand for a bill of particulars, asked the plaintiff to set forth each and every way the plaintiff claims the heating system was not properly constructed and was not properly maintained, repaired and serviced. Plaintiff served a bill of particulars and claims the defendant was negligent under the doctrine of res ipsa loquitur and “ in the following possible respects ” and the plaintiff again set forth substantially the same general allegations contained in the complaint and previously referred to herein.
The defendant contends it is entitled to know whether or not the plaintiff intends to rely solely upon the doctrine of res ipsa loquitur and if the plaintiff does not intend to rely solely upon this doctrine, the defendant claims it is entitled to a bill of particulars in accordance with its demand.
The defendant contends ‘£ in any event the plaintiff invokes the doctrine of res ipsa loquitur which raises an inference of negligence on the part of the defendants. Hence, although the plaintiff may plead acts of negligence in addition to the doctrine, he does not actually have to.” With this contention of the plaintiff, the court agrees. (McKenna v. Allied Chem. & Dye Corp., 8 A D 2d 463.) If the plaintiff, however, does not rely solely upon the doctrine of res ipsa loquitur and intends to place himself in a position of being able to go forward, if necessary, and prove his case based solely upon negligence of the defendant and freedom from contributory negligence on the part of the plaintiff separate and apart from the doctrine of res ipsa loquitur; then, in that event, the plaintiff is bound by the same rules applicable to any other action based on negligence.
In this regard, the plaintiff claims the information sought by the defendant is evidentiary matter which is not within the office of a bill of particulars and must await the trial. A bill of particulars ‘1 plays a most important part * * * and is extremely helpful to both sides in the preparation of the case for trial. * * * The modern conception is that, within reasonable limits, a litigant should reveal rather than conceal his case to the end that his opponent may not be taken by surprise at the trial.” (Doblin v. Hebrew Children’s Home, 135 *185 Misc. 229-230.) “ The granting of a bill of particulars depends upon what the aggrieved party claims the facts are, and not upon the adversary’s knowledge thereof, nor upon the actual facts.” (Solomon v. Traveler’s Fire Ins. Co., 5 A D 2d 1017.) A defendant will not be required to accept a plaintiff’s bill of particulars which is devoid of facts and merely reiterates the general allegations of the complaint, when the plaintiff has knowledge of the facts that would inform the defendant of his claim with the required particularity. (Miller v. Rabinowitz, 5 A D 2d 822.) In the instant case the court finds that the particulars requested in the defendant’s demand are reasonable and proper and must be furnished by the plaintiff provided it is within his power to do so. If the plaintiff, in good faith, is unable to furnish the particulars requested by the defendant in Nos. 5 and 6 of defendant’s demand, the plaintiff should so set forth his inability in the bill of particulars (Eisenstaedt v. Schweitzer, 3 A D 2d 716) and the plaintiff may deem it advisable to make an appropriate application to the court to be relieved from furnishing such information. (Farber v. Chein Co., 3 A D 2d 1003; 13 Misc 2d 158.) The defendant’s motion to preclude is therefore granted unless the plaintiff serves an amended bill of particulars furnishing the information requested in Nos. 5 and 6 of defendant’s demand within 20 days from service of a copy of this order based upon this decision with notice of entry unless the plaintiff makes application within said 20-day period to be relieved from furnishing particulars required by the demand based upon his inability to comply with said demand, in which event the granting of the order shall be stayed until a decision has been rendered on said application. In view of the foregoing, the defendant’s motion to vacate the note of issue filed herein is also granted, without costs.