Lawrence H. Cooke, J.
Defendants Cosgrove move for an order precluding plaintiff from giving evidence at the trial as to matters covered by items “ 3 ”, “ 4 ”, “ 6 ”, “ 7 ”, “ 12 ”, “ 13 ”, “ 14 ”, 15 ” and “ 16 ” of the demand. Apparently after this motion was instituted, plaintiff served a supplemental bill of particulars.
In furnishing the particulars requested, a bill should follow the designation of the items set forth in the demand and each item of the demand must be answered separately and categorically under its own number and subdivision (Desimone v. Robertson, 19 Misc 2d 80, 82; Matter of Heller, 205 Misc. 516; Nassau Suffolk Lbr. & Supply Corp. v. Feldman, 125 N. Y. S. 2d 27, 29; Roden v. Bond Stores, 80 N. Y. S. 2d 88; cf. 4 Carmody-Wait, New York Practice, p. 707).
Here, for example, item “ 3 ” of the demand is responded to by item “ 5 ” of the bill which refers to paragraphs “ 11 ” and “ 12 ” of the complaint. Subdivision “a” of item “ 4 ” of the demand is responded to by item “ 1 ” of the supplemental bill and subdivision “ b ” of said item of the demand is responded to by items “ 6 ” and “ 7 ” of the bill and item “ 1 ” of the supplemental bill. Item “ 6 ” of the demand is responded to by item “ 9 ” of the bill and item “ 2 ” of the supplemental bill. *641 Item. “ 7 ” of the demand is responded to by item “ 3 ” of' the supplemental bill. Item “ 12 ” of the demand is responded to by item “ 12 ” of the bill, which refers to paragraph “ 15 ” of the complaint, and item “4” of the supplemental bill. Item “ 13 ” of the demand is responded to by item “ 11 ” of the bill and by item “ 5 ” of the supplemental bill. Item ‘ ‘ 14 ” of the demand is responded to by item “ 6 ” of the supplemental bill. Item “ 15 ” of the demand is responded to by item “ 9 ” of the bill. Item “ 16 ” of the demand is responded to by item “ 8 ” of the supplemental bill. Such confusion is not conducive to orderly procedure nor does it aid in serving the purposes of a bill of particulars.
Among the functions of a bill of particulars are the amplification and limitation of a pleading so that the issues become circumscribed, if possible, and omnibus and evasive responses should be avoided (D’Onofrio v. Davis, 14 A D 2d 960; Peck v. Bandell, 164 Misc. 352; 4 Carmody-Wait, New York Practice, p. 708; McCullen, Bills of Particulars, pp. 25-26). A defendant is entitled to particulars of the specific acts or omissions of his negligence as plaintiff will claim them to be, unless it clearly appears that plaintiff relies solely on the doctrine of res ipsa loquitur (Schnell v. New York Tel. Co., 12 A D 2d 523; Fizette v. Riverview Plaza, 40 Misc 2d 1; Caivana v. Spohn, 29 Misc 2d 183; Cohen v. Swiller, 17 Misc 2d 921, 922; Levine v. Rosenman, 192 Misc. 1010). A defendant will not be required to accept a plaintiff’s bill of particulars which is devoid of facts and merely reiterates general and somewhat conclusory allegations of the complaint when plaintiff evidently has knowledge of the facts that would inform defendant of his claim with the required particularity (Miller v. Rabinowitz, 5 A D 2d 822).
Motion granted to the extent of directing plaintiff to serve a further bill of particulars in compliance with the demand herein, which bill is to follow the designation of the items set forth in said demand, within 10 days after service of a certified copy of the order to be entered hereon (cf. CPLR 2220, subd. [b]).