■ JOHN MARSHALL et al., Plaintiffs, and SONYA MILTON et al., Appellants, v. ZIMMERLY'S EXPRESS et al., Respondents, et al., Defendants.— Appeal by plaintiffs Sonya Milton and Murray Milton from an order of the Supreme Court, Rockland County, dated February 10, 1968, which denied their motion for leave to amend their bill of particulars so as to include as special damages the medical expenses incurred since the service of their original bill of particulars. Order reversed, on the facts, with a single bill of $20 costs and disbursements against respondents appearing separately in the action, and motion granted. Appellant Sonya Milton allegedly was injured in an accident which occurred in 1961. Her principal injury, as set forth in appellants' bill of particulars apparently served in 1964, was the aggravation of a pre-existing psychological illness; and the medical expenses resulting therefrom were alleged to be $3,850. The bill of particulars also stated that appellants reserved the right to prove additional medical expenses since Mrs. Milton was still under her physician's care because of the alleged aggravation of her illness and such expenses were continuing to accrue. The instant motion was made for leave to amend the bill of particulars so as to show that medical bills had increased to $18,000. It was supported by an affidavit of Mrs. Milton's physician stating in substance that, in his opinion, said appellant's continued illness directly resulted from the accident. The motion was denied on the ground of failure to show the causal relationship between the additional medical services and the accident. In our view, appellants' motion should have been granted. Defendants were advised by the original bill of particulars that appellants claimed that the medical expenses were continuing to accrue; there was no claim of other or different injuries; there was no request to increase the *ad damnum* clause; and, under the circumstances presented, appellants should be permitted to amend the bill of particulars so that their entire claim may be before the court. Beldock, P. J., Christ, Brennan, Munder and Martuscello, JJ., concur.

■ BLANCHE MOLINO, as Administratrix of the Estate of CAROL A. MOLINO, Deceased, Appellant, v. COUNTY OF PUTNAM et al., Defendants, and MICHAEL J. PRODOTI, Respondent.— Order of the Supreme Court, Putnam County, dated May 20, 1968, which granted respondent's motion to amend his answer so as to include the defense of *res judicata*, reversed, on the law, with $10 costs and disbursements, and motion denied. In our opinion, the defense of *res judicata* which respondent seeks to interpose in his amended answer is not available against appellant, who was not a party or in privity with the defendant in the litigation which resulted in the prior judgment (cf. *B. R. De Witt, Inc.* v. *Hall,* 19 N Y 2d 141; *Cummings* v. *Dresher,* 18 N Y 2d 105, 107–108; *Brooks* v. *Horning,* 27 A D 2d 874). Beldock, P. J., Christ, Brennan, Munder and Martuscello, JJ., concur.

■ FRANCES MOSKOWITZ, Respondent, v. SIDNEY MOSKOWITZ, Appellant.— Order of the Supreme Court, Queens County, dated January 29, 1968, modified, on the facts, by reducing the amount directed to be paid for support of plaintiff and the parties' child from $75 per week to $60 per week. As so modified, order affirmed, without costs. In our opinion based on the presently available proof, an award of $60 per week is proper pending trial. This of course is in no way binding on the trial court, which shall make such award it deems proper upon a complete record. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Munder, JJ., concur.