■ BERNARD CESAR, INC., Respondent, v. GEORGE F. EBERLE et al., Appellants.— Order unanimously affirmed, without costs. Memorandum: Defendants appeal from an order at Special Term which denied their motion for a preclusion order and granted plaintiff's cross motion to stay service of a bill of particulars until 20 days after completion of disclosure proceedings. CPLR 3042 (subd. [a]) provides that a motion to vacate or modify a demand for a bill of particulars is the method of obtaining protection from a premature or improper ,demand for a bill of particulars; and subdivision (c) of that section provides that the court may preclude a party from giving evidence at the trial of the items of which particulars have not been delivered. Such statutory provisions· may not be ignored with impunity. We appreciate that had plaintiff moved to stay the demand for bill of particulars in this case, it is probable that the motion would have been granted, at least in part, until after plaintiff had had an opportunity to examine defendants before trial. Under the circumstances we find that in this case Special Term in the exercise of discretion and in the interest of orderly procedure correctly permitted disclosure proceedings to be had first so that the entire bill of particulars might be better prepared (see *Matter of Reynolds*, 38 A D 2d 788; *Paticopoulos* v. *Slocum House*, 33 A D 2d 960; *King* v. *McCormick*, 19 A D 2d 874; *Frankel* v. *Rochester Iron & Metal Co.*, 16 A D 2d 864). We alert the Bar, however, to the necessity of complying with these statutory provisions, and we suggest that continued disregard thereof should be penalized by the imposition of costs. (Appeal from order of .Monroe Special Term denying motion to· preclude granting motion to stay service of bill of particulars.) Present — Goldman, P. J., Witmer, Moule, Simons and Henry, JJ.