■ EDWARD C. BARLOW, Respondent, v J. A. FUSCO, Doing Business as J. A. FUSCO AND COMPANY, et al., Defendants, and KOEHRING COMPANY, Appellant.—Order unanimously reversed, without costs, and motion granted in accordance with the following memorandum: Defendant Koehring Company appeals from an order which denied its motion to preclude "at this time". Defendant claims that the bill of particulars is deficient in specifying which injuries are claimed to be permanent and in stating the defect or defects claimed in the air compressor which exploded and injured plaintiff. Plaintiff's bill of particulars restated all the personal injuries and alleged that "On information and belief, some and/or all of the foregoing injuries are believed to be permanent." The answer is defective for failure to apprise defendant of what plaintiff intends to prove upon the trial *(D'Onofrio v Davis,* 14 AD2d 960). Since plaintiff is still under treatment and the exact nature of the injuries may not be known at this time, he undoubtedly will find it advisable to seek permission from the court to supplement his particulars at a later date (assuming defendant refuses to voluntarily accept it) by service of a supplemental bill of particulars (CPLR 3043, subd [b]; *Marshall v Zimmerly's Express,* 30 AD2d 929). In the meantime, however, he must state his claim as he knows it. Defendant's second complaint is that the bill of particulars supplied does not fairly apprise it of plaintiff's claims of negligence. At the least appellant is entitled to a specification of the claimed defects in the product and whether they be defects of design or manufacture (see *Hanson Place M. E. Church v City of New York,* 191 App Div 784; *Caivana v Spohn,* 29 Misc 2d 183; and see Dolan, Bills of Particulars in New York, § 129, subd [a]). Since plaintiff has not had an examination of the compressor, he should be given a reasonable opportunity to test the compressor before completing his answer to this demand (see *Eisenstaedt v Schweitzer,* 3 AD2d 716). Defendant's motion to preclude is granted unless plaintiff shall supply a supplemental bill of particulars within 20 days of the order hereon, specifying the injuries sustained in the accident which are permanent insofar as he is able to do so at the present time, and he is directed to supply a supplemental bill of particulars specifying the nature of the alleged defect or defects in the compressor after completing his examination of the compressor but not later than 30 days before trial, or be precluded from presenting evidence thereof upon the trial. (Appeal from order of Supreme Court denying motion for corrected bill of particulars or preclusion order.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.