■ IDA CIPPITELLI et al., Appellants, v HELEN M. HOWER et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County, dated January 22, 1976, which denied their motion for leave to amend their bill of particulars and (2) a further order of the same court, dated August 5, 1976, which denied their motion for reargument. Order dated August 5, 1976 reversed, without costs or disbursements, motion to renew, misnamed one for reargument, granted, and, upon renewal, order dated January 22, 1976 vacated, and plaintiffs' motion to amend their bill of particulars granted, on condition that they submit to further physical and oral examinations before trial, if defendants be so advised, limited to the issues of their injuries and damages. Defendants' time to serve a demand for said examinations is extended until 20 days after entry of the order to be made hereon. In the event that plaintiffs fail to comply with the demands, if the same be served, then order dated August 5, 1976 affirmed, without costs or disbursements. Appeal from order dated January 22, 1976 dismissed as academic, without costs or disbursements, in view of the determination herein on the appeal from the order dated August 5, 1976. Plaintiffs' motion for reargument was actually one for renewal, as it was based upon additional affidavits and exhibits. Hence, we have treated the order dated August 5, 1976 as an appealable order which denied renewal of plaintiffs' motion (see *Thorn-*

*low v Long Is. R. R. Co.,* 33 AD2d 1027; *Matter of Rand v Diamond,* 273 App Div 859). In our opinion, the motion for renewal should have been granted and, upon renewal, the order denying plaintiffs' motion should have been vacated and the motion should have been granted upon the afore-mentioned condition. Plaintiffs should be permitted to amend their bill of particulars since the proposed changes concern only medical expenses and losses of earnings which have accrued since service of the original bill of particulars. Since the injuries listed in the original bill of particulars were alleged to be permanent, defendants were advised that medical expenses would continue to accrue (see *Liggieri v Pasternack,* 51 AD2d 731; *Marshall v Zimmerly's Express,* 30 AD2d 929). Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.