Louis B. Heller, J.
In this divorce action commenced by the plaintiff husband, defendant wife moves for an order directing the plaintiff to serve a further bill of particulars, or in the alternative, precluding the plaintiff from offering evidence upon the trial with respect to practically all of the items contained in the defendant’s demand, as modified by a stipulation upon the record.
A brief summary of the preceding events relating to this demand for a bill of particulars is appropriate. The defendant served her demand, consisting of 28 items, on November 1, 1976. By motion dated November 8, 1976, plaintiff sought an order vacating the demand. The motion came on for oral argument before me on December 9, 1976, at which time I directed the attorneys for the parties to immediately confer outside the courtroom with a view towards resolving their differences on as many items as possible. As a result thereof, *637 the parties reached full agreement on 20 of the 28 items as follows:
(1) Particulars are to be furnished as to items 1, 3, 4, 5, 8, 9, 11, 14, 18, 21, 22, 23 and 28.
(2) Stricken from the demand are items 7, 15, 16, 17, 25, 26 and 27.1 then ruled upon the eight unresolved items — 2, 6, 10, 12, 13, 19, 20, 24 — holding that particulars are to be furnished by the plaintiff with respect to each, "except giving any names of doctors or psychiatrists or their addresses”. The agreement of the parties and the court’s ruling were thereupon placed on the record without further objections as to the information requested in any of the items. The court expected, as did the plaintiff, that a proper bill of particulars would be served in compliance with the court’s directive as embodied in the stipulation.
The bill of particulars was served but the defendant found it so inadequate as to necessitate the instant motion. Thus, after having had to resolve the propriety of the questions contained in the demand, the court is now called upon to consider the sufficiency of the responses in the bill.
I consider the bill of particulars to be an affront to this court. The bill is so palpably improper in form and unresponsive to the information sought as to amount to practically no bill at all.
To begin with, each item of the demand is required to be answered separately and categorically under its own number corresponding to the numbered items of the demand without reference to other portions of the bill of particulars (Whirl Knits v Adler Business Machs., 54 AD2d 760; Aker v Kelly, 49 Misc 2d 640). Here, the plaintiff submitted a bill of particulars with 11 items as contrasted to the 28 items in the demand. Further, while some numbers in the bill do correspond to the same numbered item in the demand, the majority do not, causing the plaintiff to submit, as part of his opposition affidavit, two pages devoted exclusively to matching up which question in the demand is answered by which item in the bill. Moreover, in several instances the plaintiff combined in one response an answer to two or more different items in the demand; item 1 is a classic illustration of this wherein it attempts to respond to eight different questions in the demand. Finally as to form, 5 of the 11 enumerated answers in the bill referred to other portions of the bill.
Such confusion resulting from these multiple defects is not *638 conducive to orderly procedures and places an unnecessary burden on the court in ruling on the propriety of the bill of particulars. However, in order to preclude further motions on the instant bill, the court will deal with the substantive deficiencies of the answers contained therein:
(1) Item 1 of the bill is in response to items 2, 6, 10, 12, 13, 19, 20 and 24, six of which ask the plaintiff, with respect to different paragraphs in the complaint, to "set forth whether or not plaintiff has sought medical, psychiatric or other care and/or treatment * * * and the dates of the care and/or treatment and the type and extent thereof’. Plaintiff’s answer to these questions consisted of a one-sentence conclusory allegation of the mental pain and anguish suffered by him and a second sentence describing some of the physical conditions suffered, neither of which information was sought in the questions. Nowhere does plaintiff answer the inquiries quoted above.
(2) Item 14 of the demand is a two-part question asking for addresses and time periods in which the plaintiff resided at such addresses since leaving the marital premises. In his response the plaintiff furnished two addresses but ignored the other part of the question.
(3) All of the other answers in the bill are either unresponsive or too general in their response, as for the most part they do not address themselves specifically to the when, where and substance of the acts or conversations related to the various allegations in the complaint.
In sum, a reading of the instant bill of particulars reveals an inability to comprehend the simple questions contained in the demand or a deliberate attempt to avoid answering them. In either event the court finds that the bill represents a flagrant disregard of the court’s directive as contained in the stipulation on record.
Accordingly, the plaintiff is directed to serve upon the defendant within 15 days following the entry of this order an entirely new bill of particulars with each item of the demand answered separately, corresponding in number and without reference to other portions of the bill of particulars. In order to maintain the same sequence of numbers as in the demand, each stricken item in the demand should be so indicated alongside the corresponding number in the bill. The bill shall be specifically responsive to all parts of each question. If the plaintiff is unable to set forth any of the specifics demanded, *639 then the plaintiff shall so state in the bill his lack of such knowledge.
In addition, in view of the fact that the plaintiff’s totally unacceptable bill of particulars, in flagrant disregard of the court’s prior directive for the plaintiff to furnish the bill, was directly responsible for defendant having to make this motion, the court imposes $100 costs directly on the plaintiff’s attorney, to be paid to the defendant’s attorney within 15 days following entry of this order (CPLR 3042, subd [g]; Bellavia v Allied Elec. Motor Serv., 46 AD2d 807, 808; Cesar, Inc. v Eberle, 41 AD2d 898; Maglieri v Saks, 33 AD2d 898).
The matrimonial bar is hereby put on notice with respect to pre and post trial motions, that this court will not tolerate flagrant disregard or violations of court directives, orders or judgments or of statutory provisions or court rules, and will impose costs upon the party or attorney responsible for causing such motions to be made. Needless motions burden the time of the court and infringe upon the court’s availability for the ever-increasing matrimonial actions and proceedings pending in this county.