■ MARK ROKITKA, as Parent and Natural Guardian of MARK ROKITKA, JR., Respondent, v PATRICK BARRETT, Appellant, et al., Defendants. [757 NYS2d 184] —Appeal from a judgment of Supreme Court, Erie County (Michalek, J.), entered April 9, 2002, upon a jury verdict in favor of plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries sustained by his son Mark when a BB pellet shot by Patrick Barrett (defendant) struck Mark in the mouth. Several minutes before defendant obtained the BB gun, Mark and defendant John Piskun had each possessed the BB gun and taken a few shots. At the time of the accident, Mark was 11 years old and defendant was 13 years old.

Supreme Court properly denied defendant's motion seeking a directed verdict on the ground that plaintiff is precluded from recovery because the injuries sustained by Mark resulted from Mark's own violation of Penal Law § 265.05 (*see generally Manning v Brown,* 91 NY2d 116, 120-121 [1997]; *Barker v Kallash,* 63 NY2d 19, 24-26 [1984]). Mark's possession of the BB gun does not constitute the type of serious criminal or illegal conduct that would bar plaintiff from bringing this lawsuit (*see Craft v Mid Is. Dept. Stores,* 112 AD2d 969, 971 [1985]), nor is the illegal possession of the BB gun by Mark a direct cause of his injuries (*see Alami v Volkswagen of Am.,* 97 NY2d 281, 286-287 [2002]). The court also properly denied defendant's request to charge the jury pursuant to PJI3d 2:25 (2002) (now PJI3d 2:25 [2003]) with respect to the violations of Penal Law § 265.05 by Mark and defendant John Piskun (*see Fox v Lyte,* 143 AD2d 390, 392 [1988]). We further conclude that the court

properly directed the jury to reconsider its verdict after it found that the negligence of Mark was not a substantial factor in causing his injuries but nevertheless apportioned 5% of the fault for his injuries to him (*see* CPLR 4111 [c]; *Ryan v Orange County Fair Speedway*, 227 AD2d 609, 611 [1996]). Defendant failed to preserve for our review his contention that the court erred in failing to give the jury further instructions on proximate cause when it directed the jury to reconsider its verdict (*see Bowes v Noone*, 298 AD2d 859, 860 [2002], *lv denied* 99 NY2d 506 [2003]). In any event, such further instructions were not necessary in the circumstances of this case (*see Mayer v Goldberg*, 241 AD2d 309, 311-312 [1997]; *cf. Cortes v Edoo*, 228 AD2d 463, 465-466 [1996]). By failing to object to the procedure chosen by the court for polling the jury, defendant failed to preserve for our review his contention that the procedure was improper (*see Farhart v Matuljak*, 283 App Div 977 [1954]; *see also People v Mercado*, 91 NY2d 960, 963 [1998]). The court properly gave a missing witness instruction (*see* PJI3d 1:75 [2002] [now PJI3d 1:75 (2003)]) based upon the failure of defendant to testify (*see Wyman v Giarnella & Son*, 170 AD2d 229, 230 [1991]). The court also properly permitted Mark's treating physician to give expert opinion testimony with respect to Mark's need for further dental treatment, and plaintiff was not required to provide prior notice of such testimony pursuant to CPLR 3101 (d) (*see Krinsky v Rachleff*, 276 AD2d 748, 750 [2000]). Finally, the court properly determined that defendant received adequate notice of the claim for future medical expenses based on plaintiff's allegations that Mark sustained a permanent injury and would require continuing medical treatment (*see De Ordio v Teresi*, 65 AD2d 890, 891 [1978]; *Cippitelli v Hower*, 54 AD2d 954, 955 [1976]). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.