# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**697**

**CA 10-02146**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

TINA M. HOLSTEIN, PLAINTIFF-RESPONDENT,

                    V                       MEMORANDUM AND ORDER

COMMUNITY GENERAL HOSPITAL OF GREATER SYRACUSE,
DEFENDANT-APPELLANT.

---

MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ P.C., WHITE PLAINS (MYRA I. PACKMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

DEFRANCISCO & FALGIATANO LAW FIRM, SYRACUSE (JEFF D. DEFRANCISCO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (James P. Murphy, J.), entered June 24, 2010 in a medical malpractice action. The judgment, entered upon a jury verdict, awarded plaintiff the sum of $1,690,000 with interest.

It is hereby ORDERED that the judgment so appealed from is affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries she sustained based on the negligence of defendant's employee. We reject defendant's contention that Supreme Court erred in denying its motion to set aside the jury verdict and for a new trial pursuant to CPLR 4404 (a). Contrary to defendant's contention, we conclude that the verdict is not against the weight of the evidence, inasmuch as the evidence did not " 'so preponderate[] in favor of the [defendant] that [the verdict] could not have been reached on any fair interpretation of the evidence' " (*Lifson v City of Syracuse* [appeal No. 2], 72 AD3d 1523, 1524; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Indeed, the "trial was a prototypical battle of the experts, and the jury's acceptance of [plaintiff's] case was a rational and fair interpretation of the evidence" (*Lillis v D'Souza*, 174 AD2d 976, 977, *lv denied* 78 NY2d 858; *see Winiarski v Harris* [appeal No. 2], 78 AD3d 1556, 1557). We reject defendant's further contention that the jury's award of compensatory damages "deviate[d] materially from what would be reasonable compensation" (CPLR 5501 [c]; *see generally Schmitt v Werner Enters.*, 277 AD2d 1003).

We further conclude that defendant waived his contention that a new trial is warranted based upon the failure of the court to poll the jury. Following the jury's announcement of the verdict, defense

counsel "ask[ed] that the jury be polled," to which the court responded, "Jury be polled, they have signed.  They each have individually signed."  Defense counsel then stated, "Okay.  All right.  Thank you," following which the court excused the jury.  We cannot conclude that the equivocal comment by the court constituted a ruling on defense counsel's request.  This case is distinguishable from *Duffy v Vogel* (12 NY3d 169, 172), where the request to poll the jury was explicitly "denied as 'unnecessary[,]' and the jury [was] discharged." Rather, here, defense counsel was afforded an opportunity to clarify her request prior to the jury being discharged "and[,] when [defense] counsel immediately abandoned the subject[,] the court might well have assumed that [defense] counsel acquiesced that the polling was unnecessary" (*Farhart v Matuljak*, 283 App Div 977, 978).  Inasmuch as defense counsel failed to indicate "that [she] nevertheless . . . wished [to have] the jury polled[] or [to] ask[ ] for a definite ruling" (*id.*), we conclude that defense counsel failed to make her "position sufficiently clear to the court to make the question available upon appeal" (*id.*).

All concur except SCUDDER, P.J., and MARTOCHE, J., who dissent and vote to reverse in accordance with the following Memorandum:  We respectfully dissent inasmuch as we agree with defendant that a new trial is warranted based upon the failure of Supreme Court to poll the jury.  There is no question that defense counsel unequivocally requested that the jury be polled and, in our view, the court had an absolute duty to rule on that request.  In response to defense counsel's request, the court stated, "Jury be polled, they have signed.  They have each individually signed."  Defense counsel thereafter responded, "Okay.  All right.  Thank you."  We conclude that it was unnecessary for defense counsel to make a formal exception to the ruling of the court (*see* CPLR 4017).  Even if we were to agree with the majority that the court's response to the request of defense counsel was equivocal, we cannot conclude that defendant waived his contention based on the subsequent response of defense counsel.  A party has an absolute right to have the jury polled and that right exists unless the party " 'has expressly agreed to waive that right' " (*Duffy v Vogel*, 12 NY3d 169, 174).  Any ambiguity in the court's response should not be held against defense counsel, and her statement does not constitute a clear and express abandonment of her original request.  Thus, we view the exchange between defense counsel and the court as ambiguous at best, and we resolve the ambiguity in favor of defense counsel, who made a clear and direct request to have the jury polled.  We would therefore reverse the judgment, grant defendant's post-trial motion, set aside the verdict and grant a new trial.

Entered:  July 1, 2011                        Patricia L. Morgan
                                              Clerk of the Court