Chief Judge Desmond.
Although there is some argument about it in the briefs, this litigated matter is quite plainly a special proceeding (of the same sort as Matter of Victor v. de Maziroff, 300 N. Y. 631, 686) brought under section 110-a of the Civil Practice Act for removal of an action from a court of limited jurisdiction (former City Court, Kings County) to the Supreme Court. At Special Term removal was refused. The Special Term Justice noted that plaintiff in this personal injury case had sought to bring in as a new element justifying removal an assertion of additional damages in the amount of a workmen’s compensation lien of about $3,800. The court stated as his main reason for denying the motion that the physician’s affidavit submitted with it was indefinite and confusing and contained no specific statement that the diabetes from which plaintiff is suffering is related to the accident sued upon. On affirmance in the Appellate Division the majority memo said: “ On the merits [the denial of relief] is affirmed ”, At the time this action was brought in the former City Court the damage limit of that court was $6,000 and that amount is demanded in this complaint.
It is clear that granting or denying permission for removal under section 110-a of the Civil Practice Act is discretionary with the courts below. The only possible law question, therefore, is as to whether the refusal to remove to the higher court was an abuse of discretion as matter of law. Such a holding could not be made on these papers.
The lawsuit arose out of a collision between two automobiles, this petitioner-appellant Lazarowitz being the driver of a taxi owned by one Kornfeld. Both Kornfeld and Lazarowitz sued Wagner, the owner of the other car, but Lazarowitz, the personal injury claimant, is the only one appealing to this court. His action in City Court was begun way back in December, 1955 and he made no effort to put the case on the calendar of that court. The present proceeding to remove was begun in May, 1958. The supporting papers on the motion were affidavits made by a physician and by Lazarowitz himself. The doctor’s affidavit says that he is an internal medicine specialist, that he first examined *351 Lazarowitz on December 3, 1955, the day of the accident, that Lazarowitz was “ extremely nervous and tense ” and complained of chest pains and other pains. The physician’s diagnosis was of a rib injury, other sprains and contusions and a back sprain and shock. He does not say what treatment, if any, he gave or ordered for Lazarowitz but does swear that in April, 1956, four months after the accident, Lazarowitz was hospitalized for diabetes, no evidence of which, according to the doctor, had ever appeared before. There is a vague statement in this affidavit that all Lazarowitz’ present conditions are causally related to the accident. In the affidavit of Lazarowitz himself he says that he has lost $15,000 in earnings and (without particularization) he states that he ‘ ‘ would imagine ’ ’ that his hospital expenses are close to $5,000. His attorney filed an affidavit to the effect that a workmen’s compensation carrier was claiming a lien in the amount of about $3,850 against any recovery Lazarowitz might get in this action.
Our conclusion is that the courts below did not exceed their jurisdiction in refusing to remove the action to the higher court on these sketchy averments.
The order should be affirmed, without costs.
Judges Dye, Fuld, Van Voorhis, Burke, Foster and Scileppi concur.
Order affirmed.