■ EDWARD COLLIER et al., Respondents, v. U. S. TRUCKING CORPORATION, Appellant, et al., Defendants.— Order, Supreme Court, New York County, entered on March 22, 1972, granting motion to remove the action from the Civil Court to the Supreme Court, reversed, on the law and the facts, and the motion denied. Appellant shall recover of respondents $40 costs and disbursements of this appeal. This action for personal injuries is based on an accident which happened in June, 1964. Suit was started the same year in the Civil Court. The action was noticed for trial in 1967. Eight years after the accident and five years after the matter was ready for trial it is claimed that the plaintiff discovered that his injuries were more serious than had been anticipated. We find that the proof submitted does not meet the required standards (*London* v. *Moore*, 32 A D 2d 543). Concur — McNally, J. P., Steuer, Tilzer and Eager, JJ.; Capozzoli, J., dissents and votes to affirm.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW JONES, Appellant.— Judgment, Supreme Court, Bronx County rendered on March 12, 1971, unanimously affirmed. Concur — Stevens, P. J., Nunez, Kupferman and Eager, JJ.; Murphy, J., concurs in the following memorandum: I concur on constraint of *People* v. *Gordian* (39 A D 2d 861) since it appears that the defendant was examined and certified as a drug addict the day after his arrest.

■ PORFIRIO RAMOS, as Administrator of the Estate of PAUL L. RAMOS, Deceased, et al., Respondents, v. SALESIAN JUNIOR SEMINARY, Also Known as SALESIAN CAMP, Appellant.— Judgment, Supreme Court, New York County, entered June 15, 1971, after a jury verdict, reversed, on the law, without costs and without disbursements, and vacated, and the complaint dismissed. This action for wrongful death resulting from a fall from the roof of a dormitory is based upon a claimed failure of the defendant to provide adequate supervision of the boys at a summer camp. The accident occurred at night or in the early morning. Two counsellors were present in the dormitory at all times, although they went to the floor below the sleeping quarters at about 6 o'clock to shave. The boys were forbidden to go on the roof except for a specified purpose during the daytime when they were supervised. There was no proof that the decedent or any of the boys had gone to the roof at night or had shown any tendency to do so. Under the circumstances we find that there was no proof of a lack of adequate supervision (*Klein* v. *Hoffman*, 15 A D 2d 899, affd. 12 N Y 2d 850; *Sauer* v. *Hebrew Inst. of Long Is.*, 17 A D 2d 245, affd. 13 N Y 2d 913). Even if an issue had been presented on this point we would have been required to set aside the verdict and order a new trial for the errors committed at the trial. Among these was the charge in regard to section 138 of the Multiple Residence Law which concededly had no application and was prejudicial (*Garthe* v. *Ruppert*, 264 N. Y. 290; *Healy* v. *Chanin*, 6 A D 2d 806). Furthermore, the proof was entirely inadequate to base a finding of conscious pain and suffering. Concur — McNally, J. P., Steuer, Tilzer and Eager, JJ.; Capozzoli, J., dissents in part in the following memorandum: While I join the majority in reversing the determination below, I would not dismiss the complaint but would order a new trial as the totality of the evidence raises questions of fact for a jury determination.