■ EDWARD I. TEW, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Suffolk County, entered April 21, 1972, which granted plaintiff's motion, pursuant to CPLR 325 (subds. [a], [b]), to remove the action from the District Court, Suffolk

County, First District, to the Supreme Court, Suffolk County. Order reversed, without costs, and motion denied. The only factor in favor of granting the retransfer of the action to the Supreme Court is that plaintiff might possibly be able to prove damages in excess of the monetary jurisdiction of the District Court. However, the factors against granting the motion greatly outweigh the fact that in the District Court plaintiff would be limited to a maximum recovery of $6,000 in damages. Originally this action was commenced in the Supreme Court. Three years later defendant's motion to dismiss the action for failure to prosecute was granted on default. When plaintiff's attorney moved to vacate the default, the parties stipulated to transfer the action to the District Court, with defendant agreeing not to submit an order of dismissal. The retransferring of the action to the Supreme Court would be prejudicial to defendant, since, after having already lost whatever arguments would have been available to it in opposing the motion to vacate the default by agreeing to continued maintenance of the action, it would be required to proceed to trial without the benefit of defending against a case where the damages could not exceed $6,000. In addition, there is no claim by plaintiff of newly discovered injuries or that the injuries sustained were more serious than they were at first believed (cf. *Matter of De Kenipp* v. *Rodrequiz*, 14 A D 2d 578; cf. *Matter of Rauch* v. *New York City Tr. Auth.*, 10 A D 2d 877). Plaintiff's only explanation as to why he originally agreed to the transfer of the action to the District Court was that the stipulation was entered into through "inadvertence". It should also be noted that the medical proof offered by plaintiff was not in affidavit form and, as Special Term stated in its decision, the "movants could have offered more detail as to a causal relationship". In addition, plaintiff failed to give a reason for his delay in making the application for retransfer of the action. Based on the foregoing it is clear that Special Term abused its discretion in retransferring the action to the Supreme Court. Hopkins, Acting P. J., Christ and Brennan, JJ., concur; Munder and Shapiro, JJ., dissent and vote to affirm.