SHIRLEY JOCHNOWITZ et al., Respondents, v. JOHN SHEEHAN, III, Appellant.— In a negligence action to recover damages for injury to person and property and for loss of services and medical expenses incurred, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County, entered September 29, 1972, as, on plaintiffs' motion, (1) ordered the action removed from the District Court of the County of Suffolk to the Supreme Court, Suffolk County; (2) granted plaintiffs leave to serve an amended complaint and an amended bill of particulars; and (3) struck defendant's answer and granted plaintiffs the right to an inquest for damages, unless defendant would appear for an examination before trial before the court at a specified time. Order modified by (1) adding to the first decretal paragraph thereof, immediately after the provision that plaintiffs' motion is " granted ", the following: " to the extent hereinafter provided and otherwise denied "; (2) striking the second, third, fourth, fifth and eighth decretal paragraphs thereof, which remove the action, grant leave to amend the complaint and conditionally strike the answer; and (3) adding a decretal paragraph thereto as follows: " Ordered that defendant be precluded from testifying or offering evidence at the trial unless, at least 30 days prior to the trial, he shall have submitted to an examination before trial." As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the moving papers were deficient in that they did not contain (1) a proper showing by a doctor's affidavit of (a) a causal connection between the accident and the alleged personal injury and (b) a continuous course of treatment from the time of the accident in 1965 to the time of the making of the motion in 1972; and (2) an affidavit of plaintiff Shirley Jochnowitz adequately explaining the delay in seeking the relief requested in the motion, after she was concededly apprised of the alleged extent of her injuries in 1969 (*London* v. *Moore*, 32 A D 2d 543). Under such circumstances, " Where the party who wishes to amend has or should have knowledge of the facts which he wishes to put in his later pleadings, but refrains from moving to amend for an inexcusably long period of time, his motion will be denied because of gross laches " (*De Fabio* v. *Nadler Rental Serv.*, 27 A D 2d 931). We are further of the opinion that, in view of the doubt cast on defendant's actual awareness of the commencement of the instant action (he was served by substituted service), he is not unequivocally chargeable with a willful default for failing to appear for an examination before trial. Under the circumstances, we conclude that the modification herein renders Special Term's order more in keeping with a provident exercise of discretion. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.