■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUDOLPH FIELDS, Appellant. Appeal from a judgment of the County Court of Tompkins County, rendered February 9, 1973, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the second degree (Penal Law, § 165.45). At his initial arraignment in County Court the defendant advised the court that he had previously applied for assigned counsel in City Court and that an attorney had been assigned. The County Court thereupon assigned the same counsel, however, the defendant objected to that lawyer. The court insisted on assigning the same counsel even though defendant stated he did not trust him. Thereafter the defendant appeared for formal arraignment with the assigned lawyer and a plea of not guilty was entered with a request for a speedy trial. About four months later the case was reached at a Trial Term and apparently during the *voir dire* of the trial jury the defendant's assigned lawyer advised the court that the defendant wished to make a statement. Thereupon the defendant stated he wanted to plead guilty. Before finally accepting the plea, the court advised the defendant of the possible term of imprisonment

upon the charge. Approximately two months after the guilty plea, the defendant appeared for sentencing at which time he and his assigned attorney both made statements for the purpose of securing a minimum sentence and the court imposed the maximum of an indeterminate four-year term. Upon this appeal, the defendant contends that the judgment should be set aside because the court refused to assign a different lawyer upon the arraignment at the defendant's request. It is to be noted that the defendant's attempt to reject assignment of the particular counsel does not appear unreasonable on his part and his colloquy with the court disclosed reasons which a layman might well have for not wanting a particular lawyer. However, the record does not disclose that having this particular assigned counsel in any way precipitated the plea of guilty. The record demonstrates that the motion to withdraw the plea of not guilty and enter a plea of guilty was made by the defendant *pro se* in open court at a time when assigned counsel was actually proceeding with the trial. At no place upon the record is there any indication by the defendant that his plea resulted from his counsel's urging or that it was in any way induced by his counsel. In the absence of any indication of prejudice, the error, if any, of the trial court in not assigning other counsel is inconsequential. It is noted that the record indicates that the indictment was received by the County Court upon the same day as a preliminary hearing had been scheduled and that the preliminary hearing was not held in City Court. While certain constitutional rights attach as to preliminary hearings held for the purpose of binding the defendant over for the Grand Jury (*Coleman* v. *Alabama,* 399 U. S. 1), the rule in New York is that a defendant has no constitutional right to such a hearing as would affect subsequent proceedings upon an indictment. (Cf. *People* v. *Tornetto,* 16 N Y 2d 902, 903; *People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258; *People* v. *Laval,* 33 A D 2d 799; *People ex rel. Watkins* v. *Lindsay,* 28 A D 2d 859.) Judgment affirmed. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.