Joseph Jiudice, J.
This is a motion by the defendant, Richard Alan Aaron, for various relief. He first moves to dismiss the indictment on the ground he was arbitrarily denied a preliminary hearing pursuant to CPL 180.10 and his attorney contends the defendant’s rights were violated in that there was a noncompliance with this section.
It appears the defendant was arrested in the early morning of December 5, 1974, and was arraigned before a Town Justice in the Town of Red Hook, Dutchess County. It is claimed he was advised of the charge against him and furnished with a copy of the felony complaint by the Town Justice, but was not advised or informed that he was entitled to a prompt preliminary hearing. He was released on bail and the matter was adjourned for approximately two months for the purpose of permitting him to obtain counsel and for a purported preliminary hearing on the adjourned date.
On the date set, February 7, 1975, defendant’s counsel appeared before the Town Justice with this client and requested the hearing, which supposedly had been set for that night. The Town Justice, according to the sworn statements of the defendant’s attorney, indicated there would probably be no hearing and advised defendant’s counsel that a preliminary hearing is not given and the Town Justice indicated he could not remember when he had had one in a felony case.
Defendant’s counsel alleges the Assistant District Attorney, upon arrival, indicated no preliminary hearing would be had and defendant’s counsel further states that during his discussion with the Assistant District Attorney and the Town Justice, he was informed there had not been a preliminary hearing held in five years. The court notes that none of the *590 allegations stated by defendant’s counsel in his moving affidavit as above set forth are denied or disputed by the District Attorney.
Subsequent to the events, as aforesaid, the Grand Jury handed down an indictment dated February 24, 1975, charging this defendant with four criminal acts. In view of the subsequent indictment, the District Attorney, in answer to this motion, relies on the many reported cases in which the courts have consistently held that an accused has no constitutional right to a preliminary hearing and that the absence of a preliminary hearing does not constitute a denial of due process and that an indictment will supersede any proceedings in a lower court. Interestingly enough, the court notes in reading the leading cases which support this rule that the preliminary proceedings were either delayed by adjournments consented to by either the District Attorney or defense counsel or facts were present which indicated, at the very least, the defendants were given or had knowledge of their rights to a preliminary hearing or had effectively waived their rights to a preliminary hearing.
The issue in this case is whether a subsequent indictment will automatically eliminate any defect in preliminary proceedings which may have occurred or whether noncompliance with CPL 180.10 can be overlooked by the handing down of a subsequent indictment by a Grand Jury.
CPL 180.10 (subd 2), states as follows: "The defendant has a right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a grand jury, but he may waive such right.”
CPL 180.10 (subd 4) states: "The court must inform the defendant of all rights specified in subdivisions two and three. The court must accord the defendant opportunity to exercise such rights and must itself take such affirmative action as is necessary to effectuate them.”
The court believes CPL 180.10 (subds 2, 4) mandates that a defendant be properly advised upon arraignment before a local criminal court of his rights to a preliminary hearing and he must be given an opportunity to exercise these rights. If the facts of a given case show a clear violation of this section, no subsequent indictment can erase the errors committed by a lower court in its failure to properly advise a defendant.
*591 To apply the general rule as above stated in every case where it is shown that preliminary procedures are improperly administered would be to deny to the words of CPL 180.10 their ordinary meaning and would defeat the intent of the section. To hold otherwise would mean that a Town Justice’s mistakes in failing to afford a defendant his rights under this section could be corrected by the handing down of a subsequent indictment. If this were the case in every situation, CPL 180.10 might as well be eliminated from the Criminal Procedure Law.
The facts in this case, undisputed by the District Attorney, compel the court to hold the Town Justice did not properly advise the defendant of his rights under CPL 180.10, nor did he take affirmative action to effectuate these rights as mandated by CPL 180.10. Merely stating that a preliminary hearing had not been held in a number of years clearly is not complying with the law. The action by the Town Justice and by the Assistant District Attorney negates the efficacy of the interpretation by this court of the significance of CPL 180.10.
While the court agrees with the cases cited by the District Attorney in opposition to the motion, it believes these cases cannot be applied in every situation where preliminary proceedings before indictment were improper. Any court has the responsibility of safeguarding the rights of an accused and the interests of the public in the administration of justice. However, it has a further obligation by its own action to correct obvious improprieties in criminal proceedings whether they be of a preliminary nature or whether they occur after indictment.
The court believes in this case the defendant was not afforded his rights under CPL 180.10 and that the Town Justice, instead of taking affirmative action as required, in effect, exhibited negative action in dealing with the defendant and his counsel.
The defendant’s motion to dismiss the indictment is granted.
In view of the dismissal of the indictment by the court, as aforesaid, the other relief sought by the defendant is moot.