■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND ROY RUSSELL, III, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 14, 1974, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of seven years to life. Defendant raises four issues on this appeal. He first contends that it was reversible error to allow testimony of the undercover officer concerning three other drug related transactions with defendant for which defendant was not on trial. This contention is without merit. Due to an alleged alibi defense, identity became a major issue in the case. Evidence of other offenses is admissible where the sole purpose is to establish identity and the evidence is relevant to that issue. *(People v Molineux,* 168 NY 264; see, also, *People v Condon,* 26 NY2d 139, 142.) Next, defendant urges that there was a fatal defect in the chain of possession of the packages of heroin from the time they were purchased from defendant until they were finally examined by the chemist. On this record we find no apparent gap. The exhibit was properly sealed by the undercover officer and placed in an evidence locker at State Police headquarters. Later, it was taken by him to the State Police laboratory in Albany and turned over to the evidence clerk. The chemist testified that, after it was brought to the laboratory, it was placed in an evidence locker in a walk-in vault in the laboratory. Subsequently, he removed the exhibit from the vault and performed the chemical analysis on its contents. There is no suggestion in the record that the evidence was altered in any way up to the time of the chemist's analysis. Under the circumstances, the chain of possession was adequately established. *(People v Connelly,* 35 NY2d 171; *People v Porter,* 46 AD2d 307.) Defendant's remaining contentions also lack merit. The District Attorney's

statements in his summation did not go beyond the normal scope of fair advocacy. Moreover, if there was error, it was harmless and did not deprive defendant of a fair trial. Moreover, none of the ascribed errors are constitutional in nature. Furthermore, the proof of defendant's guilt, without reference to the alleged errors, was overwhelming. In our view there is no significant probability that the jury would have acquitted the defendant had it not been for the alleged errors. *(People v Crimmins,* 36 NY2d 230.) Finally, the Court of Appeals has recently put to rest the unconstitutional attack on the mandatory sentencing provisions of the statutes applied to defendant's conviction. *(People v Venable,* 37 NY2d 100.) Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.