■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARDEN EUGENE WINCH, Appellant.—Appeal from a judgment of the County Court of Essex County, entered January 15, 1975, convicting defendant, upon his plea of guilty, of the crime of robbery in the second degree in violation of section 160.10 (subd 2, par [a]) of the Penal Law. Defendant was arrested on August 11, 1974, charged with the crime of robbery in the first degree. At the arraignment proceedings in justice court, the Town Justice found that defendant knowingly and voluntarily waived his right to counsel and to a preliminary hearing, and committed defendant to the Essex County Jail to await the action of the Essex County Grand Jury. No record or transcript was made of this proceeding. Following his indictment in November, 1974, defendant was arraigned in Essex County Court, at which time counsel was appointed. On January 15, 1975, defendant withdrew his plea of not guilty and entered a plea of guilty to robbery in the second degree and was sentenced to an indeterminate term not to exceed 15 years. On this appeal defendant contends that he was denied due process of law by the Justice Court of the Town of Wilmington, in that the court failed to keep a record of the arraignment proceedings at which defendant allegedly waived his right to a preliminary hearing and his right to counsel, and that he did not in fact knowingly and understandingly waive these rights. Defendant also challenges his sentence on the ground of excessiveness. Although it was error for the justice court to fail to appoint counsel for defendant upon his initial arraignment, such error was cured upon the return of the indictment *(People v Tornetto,* 16 NY2d 902; *People ex rel. Hirschberg v Close,* 1 NY2d 258; *People v Fields,* 43 AD2d 649). It is well settled that the finding of an indictment supersedes any prior proceedings in a local criminal court. *(People v Haney,* 29 AD2d 698.) Furthermore, since "there is no reasonable possibility that the error might have contributed to defendant's conviction", it is therefore harmless (see *People v Crimmins,* 36 NY2d 230, 237). We find no merit in defendant's contention that the sentence was excessive. Judgment affirmed. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY LOU LYNCH, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered January 31, 1975, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39). The conviction should be affirmed. The People established a prima facie case that defendant was a seller of drugs rather than, as she asserts, merely an agent for the buyer, an undercover police officer *(People v Urich,* 37 AD2d 901). Thus, the resolution of this issue was a question for the jury and, on the instant record, we find no basis to disturb the determination *(People v Fisher,* 35 AD2d 886). Furthermore, we find that the chain of possession of the envelope containing the heroin allegedly provided by defendant was adequately established so as to provide a reasonable guarantee of identity and unchanged condition *(People v Connelly,* 35 NY2d 171; *People v White,* 49 AD2d 614; *People v Russell,* 49 AD2d 655; *People v Porter,* 46 AD2d 307). Finally, the maximum life sentence was not unconstitutional *(People v Broadie,* 37 NY2d 100). Judgment affirmed. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.