■ THERESA LIGGIERI et al., Respondents, v ESTELLE PASTERNACK, as Administratrix of the Estate of SIDNEY PASTERNACK, Deceased, Respondent, and RUTH SCHLEICHER, Individually and Doing Business as DIAL-A-CAB, et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., appellants appeal, as limited by their brief, from so much of an interlocutory judgment of the Supreme Court, Kings County, dated August 28, 1974, as is in favor of plaintiffs and against them, after a jury trial limited to the issue of liability only. Interlocutory judgment affirmed insofar as appealed from, with one bill of costs jointly to respondents appearing separately and filing separate briefs. The evidence adequately supports the findings of the jury (see *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132). Further, the charge was both fair and adequate. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.

■ THERESA LIGGIERI et al., Appellants, v ESTELLE PASTERNACK, as Executrix of SIDNEY PASTERNACK, Deceased, et al., Respondents.—In a negligence action to recover damages for personal injuries plaintiffs appeal from an order of the Supreme Court, Kings County, dated October 9, 1975, which denied their motion (1) for leave to serve an amended bill of particulars and (2) to increase the *ad damnum* clause of their complaint. Order modified by (1) deleting from the decretal paragraph thereof the words, "the relief set forth herein", and substituting therefor the words, "leave to increase the *ad damnum* clause of the complaint", and (2) adding thereto a provision that "the branch of plaintiffs' motion which was for leave to amend the bill of particulars is hereby granted, except as to 'future lost earnings'". As so modified, order affirmed, without costs or disbursements. Plaintiffs have failed to establish that their injuries were greater than, or different from, those originally contemplated. In view of the late stage—the very eve of the trial as to damages—at which their motion was made, it was not error to deny them leave to increase the *ad damnum* clause (see *Jochnowitz v Sheehan,* 42 AD2d 707; *Collier v United States Trucking Corp.,* 40 AD2d 655; *London v Moore,* 32 AD2d 543). Plaintiffs should be permitted to amend their bill of particulars, except as to the proposed amendment with regard to future lost earnings. Since the proposed amendments serve to clarify their claim for damages and to update the recurring expenses of plaintiff Theresa Liggieri's treatment for injuries sustained, leave to amend the bill of particulars should have been granted (see *Portilla v Boyke,* 51 AD2d 539; *Stopnicki v Baresh,* 45 AD2d 1049). Plaintiffs cannot be permitted to revise their evaluation of the future lost earnings. It appears that the revised figure is based in part upon the assertion of the loss of an employ-

ment which was never before alleged in a prior bill or in the complaint. Since seven years have passed since the accident in which the damages claimed are alleged to have been incurred, the plaintiffs cannot be allowed to assert new claims for damages which must have been known to them long before the eve of the trial as to the issue of damages (see *Jochnowitz v Sheehan, supra; Osborne v Miller,* 38 AD2d 298; see, also, *Schwall v Ambrosio,* 45 AD2d 732). Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.