■ K & T DEVELOPMENT Co., Appellant, v QUINCEY MUTUAL FIRE INSURANCE COMPANY, Respondent.—In an action on an insurance policy, plaintiff appeals from (1) an order of the Supreme Court, Kings County, dated February 10, 1976, which granted defendant's motion for summary judgment and (2) a judgment of the same court, entered thereon on March 9, 1976. Order and judgment affirmed, without costs or disbursements. The affidavits submitted by plaintiff were insufficient to raise a triable issue as to defendant's waiver of the limitation provision set forth in the policy. Since there was no indication that plaintiff was misled by defendant's conduct, defendant was not estopped from raising the 12-month limitation provision (see *Fotochrome, Inc. v American Ins. Co.,* 26 AD2d 634). Gulotta, P. J., Hopkins, Latham, Shapiro and Hawkins, JJ., concur.

■ STANLEY KATZENBERG, Appellant, v CELANO CONSTRUCTION CORP. et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered January 8, 1976, which is in favor of defendants, upon a jury verdict, after a trial limited to the issue of liability only. Judgment affirmed, with costs. The jury's verdict is supported by the record on appeal and, accordingly, plaintiff's posttrial motions were properly denied. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.

■ EVELYN LEE, Appellant, v ELEANOR KLEIN et al., Respondents.—In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Queens County, dated February 10, 1976, which denied her motion for leave to renew her application (1) to remove the action to that court from the Civil Court of the City of New York and (2) to increase the *ad damnum* clause of the complaint. Order affirmed, without costs or disbursements. Plaintiff has failed to establish that the original injuries were greater than or different from those originally contemplated (see *Liggieri v Pasternack,* 51 AD2d 731; *Jochnowitz v Sheehan,* 42 AD2d 707). Accordingly, it was not an abuse of discretion to deny plaintiff's motion for leave to increase the *ad damnum* clause to $100,000 and for removal of the case to the Supreme Court (see CPLR 325, subds [a], [b]; *Matter of Kornfeld v Wagner,* 12 NY2d 348; *Tew v Long Is. R. R. Co.,* 40 AD2d 840). Martuscello, Acting P. J., Latham, Cohalan, Margett and Shapiro, JJ., concur.