■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD ALAN AARON, Respondent.—Appeal by the People from (1) an order of the County Court, Dutchess County, dated July 7, 1975, which, *inter alia,* granted defendant's motion to dismiss the indictment and (2) as limited by its brief, so much of a further order of the same court, dated November 12, 1975, as, upon reargument, adhered to the original decision. Appeal from the order dated July 7, 1975 dismissed as academic. That order was superseded by the order made upon reargument. Order dated November 12, 1975 reversed insofar as appealed from, on the law, and indictment reinstated. On February 24, 1975 the Grand Jury filed an indictment against Aaron and several codefendants, charging them with criminal sale of a controlled substance in the first degree, a class A-1 felony, and related crimes. Prior to the indictment, and on December 5, 1974, the defendant was arraigned on a felony complaint before a Town Justice. A request for a preliminary felony examination was duly made on his behalf. None was held. Between the time of the initial arraignment and the filing of the indictment, Aaron, through his attorney, was notified that the matter was to be submitted to the Grand Jury. He chose not to appear before that body. It should be emphasized at this point that this decision does not concern itself with the right of a defendant to appear before a Grand Jury (see CPL 190.50, subd 5), either at his own request or after notice given by the District Attorney, where there is a currently undisposed of felony complaint in a local court having to do with the same subject matter. The County Court dismissed the indictment because of the failure of the Town Justice to fully inform defendant of his rights pursuant to CPL 180.10, which include the right to a prompt hearing upon the issue of whether there is sufficient evidence to warrant the court in holding him for the action of a Grand Jury. The County Court mistook the *raison d'etre* of CPL article 180. Its main reason for being is contained in CPL 180.80, which reads in pertinent part: "Upon application of a defendant against whom a felony complaint has been filed with a local criminal court, and who, either at the time of arraignment thereon or subsequent thereto, has been committed to the custody of the sheriff pending disposition of such felony complaint, and who has been confined in such custody for a period of more than seventy-two hours without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance unless [with exceptions not applicable here]." In a portion of the commentary accompanying that section, Professor (now Judge) Denzer, noted: "Failure to accord the defendant such timely examination, though not resulting in dismissal of the felony complaint, requires that, upon application, he be released on his own recognizance" (Denzer, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 180.80, p 86). The section was carried over from section 190 of the Code of Criminal Procedure which, in similar vein, required the "magistrate" to conduct the examination "immediately after the appearance of counsel". The current statute, specific in nature, is notice to the District Attorney that he must act expeditiously or face the consequence of the local criminal court releasing the defendant on his own recognizance. At bar, the defendant was released on bail upon arraignment. Even if held, the examination does not decide the merits of the case. Its purpose is defined in CPL 180.60 (subd 8): "Upon such a

hearing, only non-hearsay evidence is admissible to demonstrate reasonable cause to believe that the defendant committed a felony". As noted in *People v Abbatiello* (30 AD2d 11, 12), "A defendant has no constitutional or statutory right to a preliminary hearing as a condition precedent to a valid indictment", citing, among others, the case of *People ex rel. Hirschberg v Close* (1 NY2d 258). In *Hirschberg,* decided under the Code of Criminal Procedure, the Court of Appeals not only rejected defendant's claim that he was constitutionally entitled to a dismissal of the indictment, but emphasized the powers of the Grand Jury as follows (pp 260-261): "The infringements of right asserted by relator are alleged to have occurred when the case was before the Justice of the Peace. But that magistrate's proceeding (under Code Crim. Pro., part IV, tit. III, ch. VII) was distinct from the Grand Jury's inquiry. Under section 6 of article I of the New York State Constitution and sections 252 and 259 of the Code of Criminal Procedure, the Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing * * * The expressions in the above-cited authorities are in some instances obiter dicta but taken together they state an old and undoubted rule." Thus, a subsequent indictment will automatically eliminate any and all defects having to do with preliminary proceedings *(People v Lohman,* 49 AD2d 75; *People v Fields,* 43 AD2d 649; *People v Tornetto,* 16 NY2d 902, cert den 383 US 952). Even if a preliminary hearing had been held, and the charge against defendant dismissed at its conclusion, that fact would not have precluded the District Attorney from presenting the matter to a Grand Jury for indictment. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur. [84 Misc 2d 588.]