OPINION OF THE COURT
Roger J. Miner, J.
Defendant Pennsylvania Millers Mutual Insurance Company (Millers) moves for dismissal of the complaint on the ground that the cause of action pleaded against it is barred by a contractual time limitation. Defendant Harold Holt Associates, Inc. (Holt), cross-moves for dismissal of the cause of action and all cross claims pleaded against it on the same ground and on the further ground that no cause of action is stated against this defendant.
A summons with notice was served upon. Millers on February 6, 1980. In the sixth cause of action pleaded in the complaint plaintiff seeks to recover the sum of $36,000 under the terms of a policy of fire insurance issued to her by Millers. The claim arises out of a fire loss sustained at *265 plaintiff’s premises in the City of Albany on February 7, 1977. The insurance policy includes the standard provision prohibiting any action for the recovery of a claim upon the policy unless commenced within two years after inception of the loss. (Insurance Law, § 168, subd 5.)
Plaintiff contends that the action against Millers is governed by the Statute of Limitations specified in CPLR 214 (subd 4). She further contends that the shortened limitation period is statutory rather than contractual, that the statute is unconstitutional, that there are triable issues of fact, and that Millers is estopped from asserting that her claim is time barred. In support of these contentions plaintiff has submitted an attorney’s affidavit wherein it is asserted that settlement negotiations were conducted from April or May of 1977 to the date of the commencement of the action. The attorney alleges that “plaintiff reasonably relied upon representations made by defendants Pennsylvania and its adjuster/agent defendant Holt, that her claim would ultimately be processed.”
CPLR 214 (subd 4) is inapplicable to plaintiff’s cause of action against Millers, since that statute relates to limitations of actions to recover for injury to property. Plaintiff seeks damages from Millers for breach of contract. (CPLR 213, subd 2; see General Construction Law, § 25-b.) In any event the two-year limitation period specified in the insurance agreement is controlling here, and the shorter limitation period is not prohibited by public policy and is not constitutionally infirm. (CPLR 201; Kassner & Co. v City of New York, 46 NY2d 544.) Plaintiff’s contentions regarding estoppel are rejected, since estoppel was not pleaded in the complaint and the affidavit of plaintiff’s attorney containing conclusory allegations does not supply the requisite evidentiary showing. (Kaufman v Republic Ins. Co., 35 NY2d 867; K & T Dev. Co. v Quincey Mut. Fire Ins. Co., 54 AD2d 753; 21 NY Jur, Estoppel, § 23.) The motion will be granted as to defendant Millers.
A summons with notice was served on defendant Holt on February 1, 1980. In the eighth cause of action pleaded in the complaint it is alleged that defendant Holt, as agent for defendant Millers, negligently conducted an appraisal of the loss sustained by the plaintiff. Since Holt was a dis *266 closed agent of Millers, owed no duty to plaintiff, and has the benefit of the short limitation period specified in the insurance agreement, the action must be dismissed as to defendant Holt also.
Motion and cross motion granted.