■ DONALD FISCHER et al., Appellants, v MICHAEL BROADY et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Berman, J.), dated September 6, 1984, which, upon reargument, adhered to its original determination granting the defendants' motion to amend their answer to assert the defense of collateral estoppel and dismissed the complaint based upon the amended answer.

Order affirmed insofar as appealed from, with costs.

"Leave to amend the pleadings 'shall be freely given' absent prejudice or surprise resulting directly from the delay" (Fahey v County of Ontario, 44 NY2d 934, 935; CPLR 3025 [b]). This statutory direction applies to defenses deemed "waived" under CPLR 3211 (e) (see, Lermit Plastics Co. v Lauman & Co., 40 AD2d 680). The plaintiffs here cannot claim prejudice or surprise. Furthermore, the plaintiffs have failed to establish

that the defendants knew or should have known of the earlier arbitration decision denying recovery of basic economic loss to the plaintiff Donald Fischer for failure to establish proximate cause. That proceeding did not involve the defendants or their insurance carrier. Nor were the defendants put on notice by inclusion of basic economic loss in the plaintiffs' bill of particulars (see, Insurance Law § 5104 [c]). Accordingly, the plaintiffs failed to show that the defendants refrained from moving to amend the answer for an inexcusably long period of time, and laches will not bar amendment of the pleadings (see, Jochnowitz v Sheehan, 42 AD2d 707; De Fabio v Nadler Rental Serv., 27 AD2d 931). Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.